UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05711-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of defendant's denial of plaintiff's application for supplemental security income ("SSI"). The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Plaintiff applied for SSI on April 29, 2021, alleging disability as of July 4, 2020. AR 17. Her application was denied initially and upon reconsideration. *Id.* ALJ Mark Triplett held a hearing in May 2024 and found plaintiff not disabled. AR 17-31. The ALJ found plaintiff had the following severe impairments: Wernicke encephalopathy with cognitive impairment; neurological disorder; asthma; morbid obesity; bilateral carpal tunnel syndrome; and anxiety. AR 19. He found plaintiff could perform light work with some exertional and non-exertional limitations. AR 22-23. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform jobs existing in the national economy and was therefore not disabled. AR 30-31.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson,* 95 F.4th at 1200.

## DISCUSSION

### 1. Medical evidence.

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and

consistency in evaluating the medical opinions. 20 C.F.R. § 416.920c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

Plaintiff argues that the ALJ erred in finding the opinions of Dr. Howard Lloyd, Psy.D., unpersuasive. Dkt. 10 at 2. Dr. Lloyd conducted a 4.5-hour neuropsychological examination of plaintiff in November 2023 and later authored a medical source statement in 2024 based on the results of that exam. *See* AR 2103-10, 2532-36. The ALJ treated Dr. Lloyd's evaluation and his medical source statement as separate medical opinions and found both unpersuasive on largely the same grounds. AR 28-29.

**a. 2023 Evaluation**

The revised rules for assessing medical opinions make clear that a medical opinion is a statement about what a claimant can still do despite their impairments and whether they have limitations or restrictions in their ability to perform work-related tasks. 20 C.F.R. § 416.913(a)(2). Dr. Lloyd's 2023 evaluation, while thorough, did not specifically opine work-related limitations or restrictions. *See* AR 2103-10. Dr. Lloyd stated, however, that plaintiff would have difficulty returning to a competitive work setting due to her memory and processing speed difficulties and that her physical and cognitive fatigue problems would significantly interfere with her ability to work. AR 2107.

The ALJ found these statements neither valuable nor persuasive because they directly opined upon the ultimate issue of disability. AR 28. Indeed, statements on issues reserved to the Commissioner are neither valuable nor persuasive under the applicable regulations, which includes statements about whether a claimant is disabled or able to work. 20 C.F.R. § 416.920b(c)(3)(i). The ALJ extrapolated functional limitations from these statements, stating that "[t]o the extent that this opinion stands for the proposition that the claimant has marked and/or extreme limitations in work activities requiring memory, processing speed, and maintaining concentration, persistence, or pace, this opinion is unpersuasive." AR 28. ALJ found these assumed limitations inconsistent with the longitudinal evidence and plaintiff's reported activities of daily living. *Id.*

**i. Longitudinal Evidence**

The ALJ acknowledged that while the record demonstrated limitations in the areas of memory, processing speed, and maintaining concentration, persistence, and pace, marked and/or extreme limitations in these areas were inconsistent with "many instances of milder findings." AR 28 (citing AR 1926, 2030, 2102). Plaintiff argues that these three instances cited by the ALJ fail to support his findings. Dkt. 10 at 3.

The ALJ is required to consider the entire medical record and may not cherry-pick evidence to support his findings while ignoring evidence to the contrary. *Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001). Although an ALJ must rely on examples to illustrate his findings, the examples must reflect the broader context of the record. *Garrison,* 759 F.3d at 1017.

The ALJ's first citation is to the report of consultative examiner Abebe Belete, DNP, PMHNP, in which plaintiff's mental status exam was normal. AR 1926. A standard mental status examination is not comparable to the extensive neuropsychological testing conducted by Dr. Lloyd. *See Douglas v. Bisignano*, 2026 WL 867890, at *5 (D. Mont. Mar. 30, 2026) ("The purpose of a neuropsychological examination is to diagnose neurodevelopmental, neurodegenerative, and acquired orders of brain function, and is not a mental health evaluation or treatment service….Mental status examinations, in contrast, are a much less involved tool geared toward mental health rather than the functioning of the brain.") (internal quotation marks and citations omitted). Neuropsychological exams and mental status exams perform different functions and use different metrics; it was error for the ALJ to reject Dr. Lloyd's opinion because of the normal mental status examination conducted by Dr. Belete. *Robert B. v. Berryhill,* 2018 WL 5023727, at *5 (W.D. Wash. Oct. 17, 2018) (ALJ erred by finding routine mental status exam inconsistent with more comprehensive psychometric testing).

The ALJ's second citation is to an emergency room treatment note. AR 2030. Plaintiff visited the emergency room for chest and leg pain, unrelated to her cognitive impairment upon which she bases her claim of disability. *Id.* At this visit she was noted to be alert and oriented with normal speech, grossly normal thought processes and content, and normal and congruent mood and affect. *Id.* It is not surprising that such a treatment note would contain only cursory evaluations of plaintiff's mental functioning in these circumstances. *Diedrich v. Berryhill,* 874 F.3d 634, 641 (9th Cir. 2017) ("Dr. Robinson was an orthopedist, not a mental health professional…. It is unsurprising that Dr. Robinson did not also mention Diedrich's specific mental health symptoms. That she

did not do so, in our view, says little about the extent to which Diedrich may in fact have been suffering from such symptoms.").

The ALJ's last citation is to a follow-up visit with Dr. Lloyd at which plaintiff was noted to have positive mood, congruent affect, and intact thought and speech processes. AR 2102. Such findings are not inconsistent with the results of Dr. Lloyd's testing, which revealed difficulties primarily with memory, processing speed, physical fatigue, and cognitive fatigue. AR 2107.

In sum, none of the evidence cited by the ALJ in support of his inconsistency finding is actually inconsistent with Dr. Lloyd's opinion.

**ii. Activities of Daily Living**

The ALJ also found Dr. Lloyd's opinions inconsistent with plaintiff's activities of daily living, including taking medications, preparing meals, shopping, and driving. AR 28. An ALJ may properly reject a physician's opinion where it is inconsistent with a claimant's activity level, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ failed to explain how these activities were inconsistent with Dr. Lloyd's opinions, and no inconsistency is apparent. For instance, none of these activities involve maintaining attendance and punctuality, maintaining attention for two-hour segments, or performing at a consistent pace. *See* AR 2534 (opining plaintiff is "unable to meet competitive standards" in these categories of mental abilities and aptitudes).

The ALJ also ignores information relevant to plaintiff's performance of these activities. Plaintiff told Dr. Lloyd that she often forgets she has things cooking and described a recent incident when a dish towel caught on fire while she was cooking and it took her much longer to react than she felt was safe. AR 2104. Plaintiff also testified

that she sometimes forgets to take her prescribed medications and needs her husband to remind her. AR 66. Further, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Substantial evidence does not support the ALJ's findings that Dr. Lloyd's opinions are inconsistent with plaintiff's activities.

The ALJ's consistency findings are not supported by substantial evidence, and the ALJ failed to articulate how he considered supportability in his assessment of the 2023 evaluation. Accordingly, the ALJ has erred. *See Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) ("ALJs must explain how persuasive they find the medical opinion by expressly considering the two most important factors for evaluating such opinions: "supportability" and "consistency."").

**b. 2024 Medical Source Statement**

Dr. Lloyd completed a medical source statement in 2024 opining work-related limitations based on his 2023 evaluation. AR 2532-36. The ALJ found this opinion unpersuasive because it was unsupported and inconsistent with the record. AR 28-29. The ALJ repeated the consistency analysis used for Dr. Lloyd's 2023 evaluation. *Id.* The consistency analysis is thus unsupported by substantial evidence for the same reasons already discussed above.

Plaintiff did not challenge the ALJ's supportability finding in her opening brief. The Commissioner raised the issue in his response and plaintiff addressed it in her reply brief. *See* Dkt. 12 at 5, Dkt. 13 at 2. While issues not raised are generally forfeited, the Court has the power to sua sponte review this issue. *See, e.g.*, *United States v. Lapier*, 679 F. App'x 637, 638-39 (9th Cir. 2017) (finding court had discretion to consider

issue not raised in opening brief where government discussed it in response); *In re Riverside-Linden Inv. Co.,* 945 F.2d 320, 324 (9th Cir. 1985) ("We have discretion to review an issue not raised by an appellant, however, when it is raised in the appellee's brief."); *Shade R. v. Comm'r of Soc. Sec.,* 2022 WL 36894, at *2 (W.D. Wash. Jan. 3, 2022) (exercising discretion to review issue which plaintiff failed to properly raise in opening brief where the Commissioner had an opportunity to respond).

The ALJ found Dr. Lloyd's 2024 opinion had limited support because he utilized a checkbox form without providing a specific explanation for the limitations assessed. AR 28. Although an ALJ may disregard a physician's opinion if that opinion is inadequately supported by clinical findings or insufficiently explained, substantial evidence does not support the ALJ's rejection of Dr. Lloyd's opinion on this basis. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004).

Dr. Lloyd conducted a 4.5-hour neuropsychological examination on November 9, 2023, which included a review of plaintiff's medical records and the administration of seventeen tests. AR 2103-10. The evaluation contained both a summary of notable results and Dr. Lloyd's impression of the results. AR 2106-07. Dr. Lloyd clearly stated that his 2024 medical source statement was based on the results from this evaluation. AR 2532. Considering Dr. Lloyd's statement that this multi-step evaluation was the basis for his 2024 opinion, it was unreasonable for the ALJ to insist that the 2024 opinion was unsupported because it lacked specific explanations for the limitations. Accordingly, the ALJ's supportability finding was not supported by substantial evidence.

Having failed to articulate a valid supportability or consistency analysis for either of Dr. Lloyd's opinions, the ALJ has erred. Such error is harmful as the RFC does not

account for all limitations opined by Dr. Lloyd. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1052-54 (9th Cir. 2006) (errors which result in an RFC that do not include relevant work-related limitations are not harmless).

**CONCLUSION**

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings including a de novo hearing, re-evaluation of Dr. Lloyd's opinions, and the opportunity to submit additional evidence.

Dated this 20th day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge